M. P. No. 76-257. IN RE: MAX LEVIN. On July 2, 1975, in accordance with the provisions of Sup. Ct. R. 42-12(g),[1] George Roche, then Chief Disciplinary Counsel of the Disciplinary Board of the Supreme Court of Rhode Island, transmitted to this court evidence of the conviction by a jury, on June 25, 1975, in the United States District Court for the District of Massachusetts, of respondent Max Levin, a member of the Rhode Island Bar, of the offense of conspiring to fraudulently transfer and conceal property with intent to defeat the bankruptcy laws, in violation of 18 U.S.C. §§152 and 371 (1970), as charged in Count V of an indictment filed on July 26, 1973.

The evidence presented by Mr. Roche consists of a certified copy of the judgment of conviction which indicates that respondent was given a suspended sentence of 2 years with probation for 1 year. He was also ordered to pay a fine of $2,000.

On July 11, 1975, in accordance with the provisions of Rule 42-12(a)[2] we entered an order asking respondent to appear before this court on July 11, 1975 to show cause why he should not be suspended during the pendency of any appeal and until the final disposition of any disciplinary proceeding instituted against him based upon such conviction.

[1]Supreme Court Rule 42-12(g) reads as follows:

"Upon being advised that an attorney has been convicted of a crime within this state, Counsel shall determine whether the clerk of the court where the conviction occurred has forwarded a certificate to this court in accordance with the provisions of (f) above. If the certificate has not been forwarded by the clerk, or if the conviction occurred in another jurisdiction, it shall be the responsibility of Counsel to obtain a certificate of the conviction and to transmit it to this court."

[2]Supreme Court Rule 42-12(a) reads as follows:

"Upon the filing with this court of a certified copy of an order demonstrating that an attorney has been convicted of a crime which is punishable by imprisonment for more than one year in this or any other jurisdiction, this court may direct the respondent-attorney to show cause why he should not be suspended during the pendency of any appeal and until the final disposition of any disciplinary proceeding instituted against him based upon such conviction."

950

Upon receipt of our show cause order, respondent and his attorney requested in writing that we withhold any action pending respondent's appeal from the judgment of conviction to the United States Court of Appeals for the First Circuit. On September 30, 1975, after considering respondent's request, we decided to withhold any action pending against him in this court until his federal appeal was completed.

On June 1, 1976, Mr. Archie Smith, the present Chief Disciplinary Counsel, notified this court that on May 13, 1976, the United States Court of Appeals, in an opinion by Senior Circuit Judge Bailey Aldrich, affirmed the judgment of the District Court, *United States* v. *Levin*, Nos. 75-1244, 75-1245, 75-1246 (1st Cir., May 13, 1976).

Thereafter, on June 3, 1976, in accordance with the provisions of Sup. Ct. R. 43,[3] we ordered respondent to appear before this court on June 10, 1976, with counsel if he preferred, to show cause, if any he had, why his admission to the bar should not be revoked or suspended.

On June 10, 1976, respondent appeared before us in chambers accompanied by his counsel, Saul Friedman.[4] Both respondent and his counsel urged us to spare respondent the ignominy of suspension or disbarment and the resultant hardship which would necessarily follow from such action. Each pointed to respondent's prior excellent reputation as a member of the Rhode Island Bar, to his excellent standing among his fellow citizens, and to the respect he has enjoyed for so many years in this state.

---

[3]Supreme Court Rule 43 reads as follows:

"An attorney admitted to practice in this state who is convicted in a court of record of a crime which is punishable by imprisonment for more than one year in this or any other jurisdiction, may, in lieu of or in advance of proceedings pursuant to Rule 42, be ordered to show cause why his admission to the bar should not be revoked or suspended."

[4]On June 15, 1976, respondent filed a waiver of the provisions of Rule 42-12(c).

We have carefully considered all of the factors involved in this matter. The events which resulted in respondent's conviction are recorded elsewhere and require no repetition here other than to point out that it is apparent from a reading of the record in this case that respondent's difficulties resulted from his attempt to help his son, Norman A. Levin, extricate himself from certain financial difficulties. We cannot question the integrity of the judgment entered in the District Court or the decision of the Circuit Court in affirming that judgment. We must, and we do, accept as conclusive, the actions of the federal courts without any reservation.

Thus, respondent stands before us as a member of the bar of this state who has been convicted of a serious federal offense. His conduct, as evidenced by the record before us, warrants disciplinary action. The troublesome question confronting us relates to the nature of the disciplinary action which should be imposed in a case such as this. The respondent is now 75 years of age and had enjoyed an excellent reputation in his community both as a member of the bar of this state and as an exemplary citizen. Now, in the twilight of his life he finds himself enmeshed in this tragic situation.

It has been said that:

> "The purpose of suspending or disbarring an attorney is to remove from the profession a person whose misconduct has proved him unfit to be entrusted with the duties and responsibilities belonging to the office of an attorney, and thus to protect the public and those charged with the administration of justice, rather than to punish the attorney." 7 Am. Jur.2d, *Attorneys at Law* §13 (1963).

Without condoning respondent's actions in this matter, we do not believe that they prove him unfit to be entrusted with the duties and responsibilities belonging to the office of an attorney; nor do we believe that the protection of the public and those charged with the administration of justice require,

in the peculiar circumstances of this case, that he be suspended or disbarred from the practice of law in this state.

Notwithstanding the respondent's previous good conduct, as well as his age and excellent reputation as a member of the Rhode Island Bar, it is nonetheless our judgment that, because of the high standard of conduct demanded of members of the bar, some form of disciplinary action must be imposed. After careful consideration of all the factors involved, it is our opinion that the ends of justice will be adequately served by ordering that the respondent be censured publicly for the conduct which resulted in his conviction.

It is so ordered.

By Order,
WALTER J. KANE, Clerk

JOSEPH A. BEVILACQUA, C. J.
THOMAS J. PAOLINO, A. J.
JOHN F. DORIS, A. J.

Mr. Justice Joslin, concurring. My Brother Kelleher dissenting says that he would have voted for disbarment rather than suspension were it not for respondent's advanced age. That same reason prompts my conclusion that the administration of justice will not be hindered if we censure, instead of suspend or disbar, this 75-year-old attorney who, save for this one instance, has for almost half a century comported himself properly and in keeping with the ethics of his profession.

Mr. Justice Kelleher, dissenting. The respondent stands convicted of criminal activity which not only smacks of moral turpitude but more importantly seeks to subvert the judicial process. Within recent memory an attorney who had failed to file his federal income tax return, when he appeared before us on a show cause order as to why he should not be disciplined, pointed out to us that failure to file a tax return was not considered as a crime involving moral turpitude. While

we agreed that the attorney's point was well taken, we, nevertheless, suspended him from the practice of law.[1] Other attorneys who have been incarcerated for their failure to file tax returns and whose reputations before their involvement with the Internal Revenue Service rated just as high as the respondent's have been suspended from the practice of law for a period that extended beyond the time of their incarceration. Up to today the public could expect that any member of the Rhode Island Bar who might be convicted of a crime which demonstrated a lack of professional conduct would be barred by this court from practicing law for whatever period of time seemed proper under the circumstances of the case.

Public censure of the respondent is totally inconsistent with our past actions and completely at odds with the high degree of professional conduct and standard of excellence that the public quite properly expects this court to demand from those who hold its license to practice law in this jurisdiction. Consequently, I must dissent from the order of censure. I would suspend the respondent from the practice of the law for a period of 3 years, and if it were not for his advanced age. I would have voted for disbarment. *Saul Friedman* for Max Levin.

### July 9, 1976

---

[1] I see no necessity for citing the specific cases of attorneys who have been before us for failure to file their federal tax return, but they can be found in the Attorney and Client section of the Rhode Island Digest.